UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS' DEFINED CONTRIBUTION PENSION FUND, *et al.*, <br>    Plaintiffs, | Case No. 1:21-cv-126 <br> Hopkins, J. <br> Litkovitz, M.J. |
| vs. | |
| TRI-STATE INTERIOR FINISHES, LLC, *et al.*, <br>    Defendants. | **ORDER** |

Plaintiffs, the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, the Indiana/Kentucky/Ohio Regional Council of Carpenters Joint Apprenticeship and Training Fund, and the Indiana/Kentucky/Ohio Regional Council of Carpenters, filed this action "seeking unpaid contributions, wage deductions, liquidated damages, and interest revealed to be due and owing by the audit for bargaining-unit work performed . . . within the trade and territorial jurisdiction of the Union" under sections 502 and 515 of the Employee Retirement Income Security Act of 1974 and section 301 of the Labor-Management Relations Act, 29 U.S.C § 185. (Doc. 31 at PAGEID 64). This matter is before the Court on plaintiffs' motion to compel responses to initial discovery requests (Doc. 30), as supplemented (Doc. 31). Defendants Tri-State Interior Finishes, LLC (TSI) and Harris Floor Coverings, Inc. (Harris) filed a response in opposition (Doc. 33), to which plaintiffs replied (Doc. 34).

**I.    Background**

This action was originally filed in the U.S. District Court for the Southern District of Indiana. (Doc. 1). Plaintiffs amended their complaint (Doc. 6), and the parties subsequently

agreed to transfer the case to this Court. (Doc. 21). The case was assigned to District Judge Cole.

Plaintiffs served their First Sets of Interrogatories and Requests for Production to defendants' counsel on December 3, 2021. (*See* Docs. 31-1 to 31-4). Following an extension of time, defendants served their responses on February 17, 2022. On April 22, 2022, plaintiffs' counsel emailed letters to defendants' counsel identifying perceived deficiencies in defendants' responses. (*See* Docs. 31-5 and 31-6). When the parties could not reach a resolution, plaintiffs sought an informal discovery conference before District Judge Cole. (*See* July 26, 2022 docket notation). Plaintiffs represent that, at this conference, the parties determined that a stipulated protective order with an attorneys' eyes only designation would allow them to resolve most outstanding discovery issues, which is consistent with District Judge Cole's July 29, 2022 docket notation.

On September 2, 2022, District Judge Cole entered a stipulated protective order with an attorneys' eyes only provision. (Doc. 29). When defendants had still not submitted any documents or information to supplement their responses to plaintiffs' First Sets of Interrogatories and Requests for Production by October 5, 2022, plaintiffs filed their motion to compel (Doc. 30), as supplemented (Doc. 31). On October 12, 2022, defendants produced approximately 200 pages of documents (Bates numbers 9-175 from Harris and Bates numbers 773-812 from TSI). Defendants state that these included "a comprehensive client list from the past several years, tax returns from each Defendant from the past several years, bank account statements from each of Defendants' bank accounts, and copies of vehicle titles and registration documents for all of the vehicles owned by Defendants." (Doc. 33 at PAGEID 141).

During the July 29, 2022 informal discovery conference and in plaintiffs' motion to compel (*compare* Docs. 30-31 *with* Docs. 31-5 through 31-7), plaintiffs raised issues with the same discovery responses/production:

- Interrogatories directed to Harris numbered: 5, 6, 14, 15, 17, and 18
- Interrogatories directed to TSI numbered: 6, 14, 15, 17, and 18
- Requests for production by Harris numbered: 1, 2, 4, 5, 6, 8, 9, and 11
- Requests for production by TSI numbered: 2, 3, 4, 5, 6, 9, and 11

## II.     Legal standard

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Determining the scope of discovery is within this Court's discretion. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (citing *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). The scope of discovery under the Federal Rules "is traditionally quite broad[,]" *Lewis*, 135 F.3d at 402 (citing *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)), and Rule 26 acknowledges that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

If a party objects to the relevance of information sought in discovery, "the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (citing *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999)). "Based upon the purpose of the Civil Rules, however, that threshold is relatively low." *Albritton v. CVS Caremark Corp.*, No. 5:13-cv-00218, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016). "If

3

th[e] [discovering] party demonstrates relevancy, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Anderson*, 251 F.R.D. at 310 (citations omitted).

Several decisions issued by district courts in the Sixth Circuit have found that the burden is on the resisting party to demonstrate with specificity that a discovery request is unduly burdensome or that the discovery sought is not discoverable under the Federal Rules. *Kafele v. Javitch, Block, Eisen & Rathbone*, No. 2:03-cv-638, 2005 WL 5095186, at *2 (S.D. Ohio Apr. 20, 2005) ("As a general rule, '[a]ll grounds for an objection . . . shall be stated with specificity.' . . . The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection.") (quoting Fed. R. Civ. P. 33(b)(4)). *See also Kline v. Mortgage Elec. Sec. Sys.*, No. 3:08-cv-408, 2014 WL 5460575, at *3 (S.D. Ohio Oct. 27, 2014) (same); *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011) (same); and *Groupwell Int'l (HK) Ltd. v. Gourmet Exp.*, LLC, 277 F.R.D. 348, 360 (W.D. Ky. 2011) (same). Although these decisions predate the December 1, 2015 amendment of Rule 26(b)(1), nothing in the amended Rule indicates that the allocation of burdens under the Rule has been altered. Courts continue to hold that the party who files a motion to compel discovery "bears the burden of demonstrating relevance." *Albritton*, 2016 WL 3580790, at *3.

A party may move for an order compelling disclosure of discovery on notice to other parties under Fed. R. Civ. P. 37. If a party fails to answer an interrogatory under Rule 33 or to produce documents requested under Rule 34, a party may move to compel a discovery response. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" for purposes of Rule 37(a).

Fed. R. Civ. P. 37(a)(4). Before making a motion to compel disclosure or discovery, however, the moving party must "in good faith confer[ ] or attempt[ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Thus, before moving to compel discovery, a party must first show that it sought discovery from its opponent but was unable to resolve the dispute. *McDermott v. Continental Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009) (citation omitted).

### III. Arguments

Plaintiffs argue that the interrogatories and requests for production at issue are relevant to their claims that defendants were a single employer or alter egos, which will require the Court to consider the interrelation of defendants' operations, their common management, the centralized control of their labor relations, and their common ownership, *see Nat'l Lab. Rels. Bd. v. Bannum Place of Saginaw, LLC*, 97 F.4th 351, 359 (6th Cir. 2024) (single employer); and whether they have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership, *see Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 376 (6th Cir. 2019) (alter ego). Plaintiffs argue that defendants' objections to their First Sets of Interrogatories and Requests for Production are inadequate, and defendants' responses remain incomplete following entry of the stipulated protective order. Plaintiffs argue that the Court should compel complete responses and order defendants and their counsel to pay reasonable attorney fees and costs related to the preparation of the pending motion.

Defendants argue in response that plaintiffs' motion to compel violated then-assigned Judge Cole's Standing Order,[1] which required, first, an attempt to resolve the conflict

---

[1] This case was assigned to District Judge Hopkins on December 21, 2022, and this matter was assigned to the undersigned on July 24, 2024. (*See* Docs. 38, 41).

5

extrajudicially pursuant to S.D. Ohio Civ. R. 37.1 and, second, the scheduling of an informal telephone conference with chambers if extrajudicial means were unsuccessful. *See* J. Douglas R. Cole Standing Order on Civil Procedures, § I.D.1, available at https://www.ohsd.uscourts.gov/sites/ohsd/files//DRC%20-%20Civil%20Standing%20Orders2.pdf [https://perma.cc/8KAF-7UVQ]. Substantively, defendants argue that—in addition to the documents filed after plaintiffs' motion to compel was filed, they have already provided, "*inter alia*, lists of employees for each Defendant and contracts utilized by the Defendants" which are together "more than sufficient information for Plaintiffs to assess the 'alter ego' theory of liability asserted in this case." (Doc. 33 at PAGEID 141).

In reply, plaintiffs argue that they complied with District Judge Cole's Standing Order when they corresponded with defendants' counsel in April 2022 and sought an informal discovery conference in July 2022. They argue that the parties' and the Court's expectation after that conference was that the stipulated protective order with an attorneys' eyes only provision would allow defendants to fully comply with most of plaintiffs' discovery requests. Plaintiffs acknowledge defendants' October 12, 2022 production but argue that the documents produced contain improper redactions and many discovery requests remain incomplete.[2]

**IV. Analysis**

As an initial matter, the Court does not find that plaintiffs violated District Judge Cole's Standing Order. From the Court's perspective, it was not unreasonable for plaintiffs to proceed under the assumption that they had satisfied their duty to attempt informal resolution with their

---

[2] In plaintiffs' reply, they appear to concede that both defendants have adequately responded to interrogatory numbers 15 and 17, and Harris has now adequately responded to request for production number 11. (*Compare* Doc. 31 at PAGEID 72-73 *with* Doc. 34 at PAGEID 148).

April 2022 correspondence (Docs. 31-5 and 31-6), the July 2022 informal discovery conference, and their stipulation to a protective order with an attorneys' eyes only provision (Doc. 29) before filing the instant motion. The Court therefore turns to the merits of the motion.

Plaintiffs' First Sets of Interrogatories and Requests for Production are attached as a supplement to its motion to compel. (*See* Docs. 31-1 to 31-4). The Court will address each disputed item below.

A. <u>Interrogatories directed to Harris</u>

Harris objected to the following interrogatories with boilerplate language and raised confidentiality issues. (*See* Doc. 31-6 at PAGEID 122-25). As to interrogatory number 14 in particular, Harris also objected to the lack of a temporal limitation. (*See* Doc. 31-7 at PAGEID 131).

- **5. Identify all customers that Harris Floor performed work for between during the period of January 1, 2018, through present.**

This interrogatory asks for information from Harris that is relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at 376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and Harris has not shown with specificity why it is not proportional to the needs of the case. Harris's objection to this interrogatory is overruled.

- **6. Identify all employees who performed work for Harris Floor during the period of January 1, 2018, through present.**

    **For each employee, identify his/her name, title, payor on his/her paychecks, a description of the services he/she provided, the date he/she first began providing the services, and the date he/she ceased providing the services (if applicable).**

This interrogatory asks for information from Harris that is relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at

7

376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and Harris has not shown with specificity why it is not proportional to the needs of the case. Harris's objection to this interrogatory is overruled.

- **14. Identify each and every instance, regardless of time period, in which Harris Floor performed work on a project simultaneously with Tri State.**

In correspondence with plaintiffs' counsel prior to the parties' informal discovery conference with District Judge Cole, defendants' counsel represented that "Harris can confirm there have been no instances since 2018 where Harris has worked on a project simultaneously with Tri-State." (Doc. 31-7 at PAGEID 131). A temporally unlimited request is not proportional to the needs of this case. Defendants' objection is sustained, but Harris shall supplement its response to this interrogatory as represented in its previous correspondence noted above.

- **18. Identify all insurance companies which Harris Floor currently has or previously had a policy or contract of insurance with, including any fidelity bond(s), during the period of January 1, 2018, through present.**

  **For each insurance company provide the company's name, the company's address, the policy number, a brief description of the type of insurance, and a brief description of the property insured (if applicable).**

This interrogatory asks for information from Harris that is relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at 376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and Harris has not shown with specificity why it is not proportional to the needs of the case. Harris's objection to this interrogatory is overruled.

  B. <u>Requests for production by Harris</u>

For each of the requests below, Harris responded with boilerplate language and raised confidentiality issues. (*See* Doc. 31-6 at PAGEID 125-27).

8

**1. Any and all customer lists that identify customers of Harris Floor during the period of January 1, 2018, through present;**

**2. Any and all invoices issued by Harris Floor to its customers during the period of January 1, 2018, through present;**

**4. A copy of Harris Floor's calendar year-to-date payroll report, showing regular, overtime, double time, vacation and holiday hours with corresponding earnings for each employee the during the period of January 1, 2018, through present;**

**5. Copies of time sheets or time cards for all Harris Floor employees covered by the collective bargaining agreement during the period of January 1, 2018, through present;**

**6. Copies of W-3 with W-2's and 1099's with 1096's for each Harris Floor employee during the period of January 1, 2018, through present;**

**8. A list of any and all subcontractors used by Harris Floor during the period of January 1, 2018, through present, showing name, dates amounts paid, job location, and work performed; [and]**

**9. A general ledger identifying all transactions of Harris Floor during the period of January 1, 2018, through present[.]**

The Court finds that these requests seek information relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at 376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and Harris has not shown with specificity why they are not proportional to the needs of the case. With respect to request for production number 6 in particular, Harris represented that it would "produce copies of W-2 forms for its employees under an 'attorney's eyes only' designation upon the execution of an agreed protective order." (Doc. 31-6 at PAGEID 127). Harris's objections to these requests for production are overruled.

    C. <u>Interrogatories directed to TSI</u>

TSI objected to the following interrogatories with boilerplate language and raised confidentiality issues. (*See* Doc. 31-5 at PAGEID 114-16). As to interrogatory number 14 in

9

particular, TSI also objected to the lack of a temporal limitation. (Doc. 31-7 at PAGEID 131-32).

- **6. Identify all employees who performed work for Tri State during the period of January 1, 2018, through present.**

    **For each employee, identify his/her name, title, payor on his/her paychecks, a description of the services he/she provided, the date he/she first began providing the services, and the date he/she ceased providing the services (if applicable).**

In correspondence with plaintiffs' counsel prior to the parties' informal discovery conference with District Judge Cole, defendants' counsel represented that "Tri-State will provide copies of the W-2 forms for those employees." (Doc. 31-7 at PAGEID 132). (*See also* Doc. 31-5 at PAGEID 114 ("[TSI]'s response to Interrogatory 6 suggests that W-2 forms would be produced; however, Plaintiffs did not receive W-2 forms for any of [TSI]'s employees.")). Given this representation and the entry of the protective order with an attorneys' eyes only provision (Doc. 29), TSI's objection to this interrogatory is overruled, and TSI shall provide the applicable employees' W-2 forms.

- **14. Identify each and every instance, regardless of time period, in which Tri State performed work on a project simultaneously with Harris Floor.**

In correspondence with plaintiffs' counsel prior to the parties' informal discovery conference with District Judge Cole, defendants' counsel represented that Harris's confirmation that it had not worked on a project simultaneously with TSI since 2018 satisfied its obligation for this interrogatory as well. (*See* Doc. 31-7 at PAGEID 131-32). As with the identical interrogatory directed to Harris, a temporally unlimited request does not appear proportional to the needs of this case. Defendants' objection is sustained, but TSI shall supplement its response to this interrogatory to include a statement from TSI responsive to this interrogatory as limited to the period of 2018 to the present.

- **18. Identify all insurance companies which Tri State currently has or previously had a policy or contract of insurance with, including any fidelity bond(s), during the period of January 1, 2018, through present.**

   **For each insurance company provide the company's name, the company's address, the policy number, a brief description of the type of insurance, and a brief description of the property insured (if applicable).**

This interrogatory asks for information from TSI that is relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at 376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and TSI has not shown with specificity why it is not proportional to the needs of the case. TSI's objection to this interrogatory is overruled.

D. Requests for production by TSI

For each of the requests below, TSI responded with boilerplate language and raised confidentiality issues. (*See* Doc. 31-5 at PAGEID 116-19).

**2. Any and all invoices issued by Tri State to its customers during the period of January 1, 2018, through present;**

**3. A master list of all Tri State employees, regardless of craft or occupation, showing employee number and craft (occupation or trade) during the period of January 1, 2018, through present;**

**4. A copy of Tri State's calendar year-to-date payroll report, showing regular, overtime, double time, vacation and holiday hours with corresponding earnings for each employee the during the period of January 1, 2018, through present;**

**5. Copies of time sheets or time cards for all Tri State employees covered by the collective bargaining agreement during the period of January 1, 2018, through present;**

**6. Copies of W-3 with W-2's and 1099's with 1096's for each Tri State employee during the period of January 1, 2018, through present;**

**9. A general ledger identifying all transactions of Tri State during the period of January 1, 2018, through present; [and]**

11

**11. Copies of any and all titles to vehicles owned by Tri State during the period of January 1, 2018, through present[.]**

The Court finds that these requests seek information relevant to plaintiffs' claims. *See Bannum Place of Saginaw, LLC*, 97 F.4th at 359; *Bourdow Contracting, Inc.*, 919 F.3d at 376. The entry of the stipulated protective order assuages any concerns related to the confidentiality of this information, and TSI has not shown with specificity why they are not proportional to the needs of the case. With respect to requests for production numbers 3 and 6 in particular, TSI has already represented that it would produce the W-2s of its employees between 2018 and the present. (*See* Doc. 31-5 at PAGEID 117-18). TSI's objection to these requests for production are overruled.

  E. <u>Redactions</u>

In plaintiffs' reply memorandum, they argue that the documents that defendants ultimately produced on October 12, 2022 were improperly redacted. Plaintiffs rely on *Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-cv-2663, 2015 WL 6955177 (S.D. Ohio Nov. 10, 2015), which held that "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case." *Id.* at *2 (quoting *Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010)). Plaintiffs also rely on *Nieves v. Baptist Mem'l Med. Grp., Inc.*, No. 18-2748, 2020 WL 3441900, at *2 (W.D. Tenn. June 23, 2020), in which the court likewise explained that unilateral redactions are generally not allowed, particularly where a protective order is in place.

At this juncture, it is not apparent to the Court whether defendants have responded to plaintiffs' informal objection to these redactions (*see* Doc. 34-1); and because plaintiffs could

12

only raise this issue in their reply memorandum, defendants did not have an opportunity to respond. For these reasons, the parties should attempt to informally resolve this issue. If the parties remain at an impasse after defendants have complied with this Order, they shall proceed according to District Judge Hopkins' Standing Order Governing Civil Cases. *See* J. Jeffrey P. Hopkins Standing Order Governing Civil Cases, § II.E.1, available at https://www.ohsd.uscourts.gov/sites/ohsd/files//Civil%20Standing%20Order.pdf [https://perma.cc/7PH8-K4G2].

      F.  Attorney fees

If the Court grants a motion to compel or if the resisting party provides the disclosure or requested discovery after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment under these circumstances: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

As noted above, the Court finds that plaintiffs reasonably believed that they had satisfied their obligation to informally resolve the outstanding discovery disputes under the then-applicable standing order and local rules. After the July 29, 2022 informal discovery conference, the expectation of the Court and the parties was that defendants would respond to most of the outstanding interrogatories and requests for production upon the entry of a protective order with an attorneys' eyes only provision. While that protective order was not entered until September 2,

13

2022, defendants knew as of the July 29, 2022 informal discovery conference the discovery that they were expected to produce. Plaintiffs waited more than two months after that conference and more than one month after the entry of the protective order to file the instant motion.

Defendants' categorical statement in their opposition that "they have provided more than sufficient information for Plaintiffs to assess the 'alter ego' theory of liability asserted in this case" does not meet their burden of demonstrating that the full discovery sought by plaintiffs is unduly burdensome or otherwise not discoverable under the Federal Rules. (Doc. 33 at PAGEID 141).[3] In addition, defendants have not shown that their nondisclosures, responses, or objections were substantially justified, and the Court finds no other circumstances would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Therefore, plaintiffs are awarded their reasonable fees in filing their motion to compel.

V.     **Conclusion**

In summary, plaintiffs' motion to compel is **GRANTED** as explained herein, except that Harris's objection to interrogatory 14 and TSI's objection to interrogatory 14 are **SUSTAINED**, but defendants shall supplement these interrogatories by identifying all instances in which Harris and TSI worked on a project simultaneously from 2018 to the present. Defendants shall have **fourteen (14) days** from the entry of this Order to serve their supplemental responses to the following:

   a. Interrogatories to TSI numbered 6, 14, and 18;

   b. Requests for production by TSI numbered 2, 3, 4, 5, 6, 9, and 11;

   c. Interrogatories to Harris numbered 5, 6, 14, and 18; and

---

[3] The Court further notes that a recent status report (Doc. 40) does not give any indication that the discovery issues raised in the instant motion have been narrowed or resolved during the considerable amount of time that has passed, despite defendants' representation that they would "work with Plaintiffs to address, through extrajudicial efforts, any identified concerns." (Doc. 33 at PAGEID 141).

    d.   Requests for production by Harris numbered 1, 2, 4, 5, 6, 8, and 9.

Plaintiffs are **ORDERED** to file, within **fourteen (14) days** of the entry of this Order, an affidavit detailing their costs and expenses associated with the filing of the instant motion. Defendants shall file their response, if any, within **seven (7) days** of receipt of plaintiffs' affidavit.

    **IT IS SO ORDERED**.

Date: 9/10/2024

Karen L. Litkovitz
Chief United States Magistrate Judge